
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEVI ANTONIO CRUZ,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>　　　　　　Respondent. | No.　20-73608<br><br>Agency No. A205-316-053<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2021[**]

Before:　　SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Levi Antonio Cruz, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for relief under the

Convention Against Torture ("CAT").  Our jurisdiction is governed by 8

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Cruz failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to El Salvador.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in Mexico is insufficient to meet standard for CAT relief).  We lack jurisdiction to consider Cruz's contention that the IJ erred in the analysis of his CAT claim.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to consider claims not raised to the BIA).

The temporary stay of removal remains in place until issuance of the mandate.  The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**